**DENIED and Opinion Filed December 21, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01298-CV**

**IN RE ENYA HERNANDEZ GONZALEZ, Relator**

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02805-E**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Pedersen, III

Before the Court are relator's December 21, 2023 petition for writ of mandamus and emergency motion to stay pending writ of mandamus.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a record sufficient to show she is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator was required to file with her petition an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Relator was also required to file with her petition (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

Although relator separately filed an appendix with her petition, none of the documents included in that appendix are certified or sworn copies. Moreover, the petition reflects that a hearing was held on the motion at issue, but relator did not provide a transcript of any testimony from that hearing or the alternative statement required by rule 52.7(a)(2).

Accordingly, we conclude relator has failed to meet her burden to provide a record sufficient to demonstrate entitlement to mandamus relief and deny the petition.

We also deny relator's emergency motion as moot.

231298f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE